IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 16-234 |
| v. | : | |
| | : | CIVIL ACTION |
| DANIEL GEORGE BROWN | : | No. 20-5007 |

MCHUGH, J.                                                                                        August 26, 2021

**<u>MEMORANDUM</u>**

Petitioner Daniel George Brown was charged with unauthorized reentry into the United States after deportation and pleaded guilty while reserving certain rights of appeal. He was sentenced in October 2017, and his sentence was affirmed. The Supreme Court denied his petition for a rehearing on September 18, 2019, and he then filed this pro se petition under 28 U.S.C. § 2255. The Government has not filed a response, despite having been ordered to do so. I will nonetheless consider the merits of the pending petition.

First, Mr. Brown mounts a challenge to 8 U.S.C. § 1326, arguing it is unconstitutional because it does not guarantee defendants charged under the statute with a right to counsel who possesses specific experience in immigration law. Petitioner cites no authority for the existence of such a right, and I can discern no basis in the Constitution or case law addressing the right to counsel that would support such a position. It is a contention that borders on the frivolous.

Second, Mr. Brown summarily claims ineffective assistance of counsel. The only specific allegation raised is that counsel purportedly did not consult with an immigration lawyer. Defense counsel is this case was a highly experienced, proficient Federal Defender. He correctly judged that Mr. Brown insisted on raising arguments palpably lacking in merit, but nonetheless ably supported his client during all proceedings, taking care to preserve petitioner's right of

appeal.  Mr. Brown's legal arguments were flatly contradicted by the record, and no amount of purported expertise from an immigration specialist would have changed the outcome of his case. He repeats his allegation that the record of prior immigration proceedings was falsified, but there is no evidentiary support whatsoever for such a position. Petitioner fails to establish either deficient representation or prejudice.  *Strickland v. Washington,* 466 U.S. 668 (1984),

     His motion will therefore be denied, and there is no basis on which to issue a certificate of appealability.

                                                /s/ Gerald Austin McHugh
                                       United States District Judge